Filed 4/15/21  P. v. Thomas CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091269 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE015675) |
| v. | |
| ALONZO THOMAS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Alonzo Thomas has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A 2019 amended information alleged defendant committed assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)—count one)[1] and assault by means of force likely

---

[1]    Undesignated statutory references are to the Penal Code.

1

to produce great bodily injury (§ 245, subd. (a)(4)—count two).  The amended information also alleged that defendant had two prior strike convictions, making him eligible for a potential life sentence.  (§§ 667, subd. (e), 1170.12, subd. (c).)

In June 2019, and pursuant to a negotiated disposition, defendant pleaded guilty to count one, admitted one prior strike conviction, and agreed to waive all sentencing credits he earned up to that point.  The trial court confirmed that defendant understood the plea proceedings, despite being on medication, that defendant understood he was giving up numerous rights in connection with the plea, and that he was pleading to a "strike offense under the Three Strikes Law."  The trial court confirmed with defendant that he was entering his plea freely and voluntarily.

At the beginning of a December 2019 sentencing hearing, the trial court denied defendant's request to discharge counsel and appoint new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), ruling counsel had properly represented defendant.

After the trial court denied the *Marsden* motion, defendant moved to withdraw his plea so that he could take his case to trial.  The trial court denied that motion, ruling there was "not a legal basis" for the motion, as the plea transcript reflected that the terms and consequences of the plea were "explained to [defendant] on multiple occasions" and he was "given a lot of time" to consider his plea.

After defendant asked the trial court to "declare[]" him "indigent," and consistent with the negotiated disposition, the trial court imposed a sentence of four years in state prison (the lower term of two years on count one, doubled for the prior strike).  The trial court calculated 377 days of credit, and—after declaring defendant indigent—imposed "[o]nly mandatory minimum fines and fees," striking any discretionary costs, resulting in imposition of mandatory minimum costs of $300 (§ 1202.4), $40 (§ 1465.8), and $30 (Gov. Code, § 70373).  The trial court also imposed but suspended a probation revocation restitution fine of $300.  (§ 1202.45.)

On the prosecution's motion, the trial court struck all remaining allegations in the amended information.

Defendant obtained a certificate of probable cause from the trial court, and timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                 /s/
                                        BLEASE, Acting P. J.

We concur:

    /s/
ROBIE, J.

    /s/
KRAUSE, J.